IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EDDIE LOUIS DENTON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. C06-2057-LRR <br> No. CR02-2030-LRR <br><br> ORDER |

This matter appears before the court on Eddie Louis Denton, Jr.'s motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 2). Eddie Louis Denton, Jr. ("the movant") filed his 28 U.S.C. § 2255 motion on August 7, 2006. On September 12, 2006, the court directed the government to respond to the movant's claims. On December 14, 2006, the government complied with the court's order by filing a resistance (docket no. 6). On January 2, 2007, the movant filed a reply (docket no. 7). Also before the court is the movant's motion for an evidentiary hearing and to appoint counsel for such hearing (docket no. 12), filed February 6, 2007, motion for expedited relief (docket no. 13), filed February 6, 2007, motion for release (docket no. 16), filed February 20, 2007, motion to withhold a ruling on the motion pursuant to 28 U.S.C. § 2255 and to appoint an attorney so he can cooperate with the government (docket no. 17), filed March 5, 2007, and motion to rule on the motion for release (docket no. 18), filed March 14, 2007. The court now turns to consider the movant's motion pursuant to 28 U.S.C. § 2255 and his other pending motions.

Given the record, the court concludes that an evidentiary hearing is not necessary. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is

given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).[1]  Accordingly, the movant's motion for an evidentiary hearing and to appoint counsel for such hearing shall be denied.  In addition, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance.  The government's brief adequately sets forth the law in the Eighth Circuit as applied to the facts in the movant's case.  Moreover, the court thoroughly reviewed the record and finds that relief is unavailable under 28 U.S.C. § 2255; the denial of the movant's 28 U.S.C. § 2255 motion results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure."  *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))).  Accordingly, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.  *See* 28 U.S.C. § 2253(a).  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  *See* 28 U.S.C. § 2253(c)(1)(A).  A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability

---

[1] The court notes that the government argues in its resistance that the motion pursuant to 28 U.S.C. § 2255 can be addressed without an evidentiary hearing.  Nonetheless, in its last sentence, the government asks the court to hold an evidentiary hearing.  In light of the entire resistance, it is clear that the government inadvertently requested an evidentiary hearing.

2

may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant

may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

Finally, having determined that is appropriate to deny the movant's motion pursuant to 28 U.S.C. § 2255, the court deems it appropriate to deny all of the other motions that are pending in this case. Accordingly, the motion for expedited relief, the motion for release, the motion to withhold a ruling on the motion pursuant to 28 U.S.C. § 2255 and to appoint an attorney so he can cooperate with the government and the motion to rule on the motion for release shall be denied.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (docket no. 2) is DENIED.

2) A certificate of appealability is DENIED.

3) The movant's motion for an evidentiary hearing and to appoint counsel for such hearing (docket no. 12) is DENIED.

4) The movant's motion for expedited relief (docket no. 13) is DENIED.

5) The movant's motion for release (docket no. 16) is DENIED.

6) The movant's motion to withhold a ruling on the motion pursuant to 28 U.S.C. § 2255 and to appoint an attorney so he can cooperate with the government (docket no. 17) is DENIED.

7) The movant's motion to rule on the motion for release (docket no. 18) is DENIED.

**DATED** this 24th day of May, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA